IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY MONTENA,<br>    Movant, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:16-cv-1839-M (BT)<br>No. 3:10-cr-0353-M (BT) |
| UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Rickey Montena, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss Montena's § 2255 motion.

I.

On July 21, 2011, Montena pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On November 7, 2011, the District Court sentenced him to 210 months' confinement. Montena filed a direct appeal, which the Fifth Circuit Court of Appeals dismissed on August 21, 2012, finding no nonfrivolous issues for review. *United States v. Montena*, No. 11-11115 (5th Cir. Aug. 21, 2012).

Almost four years later, on June 21, 2016, Montena filed his § 2255 motion, and on December 3, 2018, he filed an amended motion. By his motion and

amended motion, he argues his sentence enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was improper because his burglary convictions under Texas Penal Code § 30.02(a) did not qualify as predicate offenses under the ACCA. The Government responds that the motion is time-barred and without merit.

II.

**1.   Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) (AEDPA). The statute provides that the limitations period shall run from the latest of:

> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the [movant] was prevented from filing by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the Fifth Circuit dismissed Montena's appeal on August 21, 2012. His conviction became final 90 days later, on November 19, 2012. *See* Sup. Ct. R. 13. Montena then had one year, or until November 19, 2013, to file his § 2255 motion. He did not file his motion until June 21, 2016. His motion is therefore untimely under § 2255(f)(1).

The motion is also untimely under § 2255(f)(3). That section states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Montena relies on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson,* the Supreme Court considered the residual clause of the ACCA, which defines "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." The Court found the residual clause to be unconstitutionally vague. Montena, however, was not sentenced under the residual clause – the only provision that *Johnson* found to be unconstitutional. *See id.,* 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Instead, burglary is one of the enumerated offenses under the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson* therefore does render his motion timely.

## 2.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Montena bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Montena has not alleged that he is entitled to equitable tolling. He also has pleaded no facts showing that he was misled by the government or prevented in some extraordinary way from asserting his rights. He is therefore not entitled to equitable tolling.

## 3.  Merits

Montena's § 2255 motion also is without merit. It appears Montena relies on the Fifth Circuit's decision in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018), *vacated*, ___ U.S. ___, 139 S. Ct. 2712 (2019), to support his claim. In this

4

now-vacated decision, the Fifth Circuit held that Texas Penal Code § 30.02(a)(3)[1] could not be used as a predicate offense under the ACCA because it was broader than the enumerated offense of generic burglary under the ACCA. The Court determined that generic burglary required that a defendant "have the intent to commit a crime when he enters or remains in the building or structure," *id.* at 531, while the Texas burglary statute "contains no textual requirement that a defendant's intent to commit a crime contemporaneously accompany a defendant's unauthorized entry." *Id.* The Court therefore found the defendant's sentence was improperly enhanced under the ACCA. The government filed a petition for certiorari. While that petition was pending, the Supreme Court issued opinions in *Quarles v. United States*, ___ U.S. ___, 139 S. Ct. 1872 (2019), and *United States v. Stitt*, ___ U.S. ___, 139 S. Ct. 399 (2018). In *Quarles*, the Supreme Court held that generic burglary occurs "if the defendant forms the intent to commit a crime at any time during the continuous event of unlawfully remaining in a building or structure." *Quarles*, 139 S. Ct. 1877. In *Stitt*, the Supreme Court

---

[1] Texas Penal Code § 30.02(a), states:

> (a) A person commits an offense if, without the effective consent of the owner, the person:
>
> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
>
> (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
>
> (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

considered whether burglary of a habitation under Tennessee and Arkansas statutes was broader than generic burglary. Language in the Tennessee statute defining a "habitation" was the same as the Texas's statute. The Court found the burglary statutes qualified as generic burglary and were properly used for enhancement under the ACCA.

On June 17, 2019, the Supreme Court granted certiorari in *Herrold*, vacated the Fifth Circuit's opinion, and remanded in light of *Quarles*. *United States v. Herrold*, ___ U.S. ___, 139 S. Ct. 2712 (2019). On remand, the Fifth Circuit, citing *Quarles* and *Stitt*, held Texas's burglary statute under section 30.02(a) is indivisible and falls within the definition of generic burglary under the ACCA. *United States v. Herrold*, ___ F. 3d ___, 2019 WL 5288154 (5th Cir. Oct. 18, 2019) (en banc). Montena's convictions for burglary were therefore properly used to enhance his sentence under the ACCA.

### III.

The Court should dismiss the § 2255 motion to vacate, set-aside, or correct Montena's sentence.

Signed November 15, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).